UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL M. AMBAW,

Defendant.

Case No. CR05-260RSL

ORDER DENYING MOTION
TO MODIFY SENTENCE

This matter comes before the Court on Defendant's 18 U.S.C. § 3582(c)(2)
"Motion to Reduce Sentence" (Dkt. # 207). Defendant asks the Court to reduce his
sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, and
Amendment 750 to the United States Sentencing Guidelines. The Court DENIES the
motion.

## I. BACKGROUND

Defendant pleaded guilty on March 22, 2006, to one count of conspiracy to
distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 21 U.S.C.
§ 846. Dkt. ## 101, 106, 110. In his Rule 11(c)(1)(C) plea, he agreed that the
"appropriate sentence to be imposed . . . is imprisonment between 96 and 108 months."
Dkt. # 106. After reviewing the terms of the agreement against the "yardstick" of the
Guidelines, cf. Freeman v. United States, 131 S. Ct. 2685, 2696–97 (2011) (Sotomayor,
J., concurring), the Court accepted that agreement and sentenced the Defendant to the
bottom of the agreed-upon range: 96 months. Dkt. ## 133, 207-1.

## II.  DISCUSSION

"As a general matter, courts may not alter a term of imprisonment once it has been imposed."  United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007).  Section "3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if:  (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009).  Defendant satisfies neither prong.

To be clear, Amendment 750 did make substantial changes to the manner in which cocaine base scores under § 2D1.1.  That is not the issue here.  The issue is that, as discussed, Defendant entered into and was sentenced pursuant to a Rule 11(c)(1)(C) plea.  And as Justice Sotomayor explains in her controlling concurrence in Freeman, a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement is typically not eligible for § 3582(c)(2) relief, despite the fact that "the parties . . . may have considered the Guidelines in the course of their negotiations."  131 S. Ct. at 2696–97 (Sotomayor, J., concurring).[1]  Rather, he is eligible for a sentence modification only if his plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment" or it is "evident from the agreement itself" "that the basis for the [agreement's] specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty."  Id. at 2697–98; see also id. at 2702 (Roberts, C.J., dissenting).

To his credit, Defendant concedes that his plea agreement does not demonstrate either of these circumstances.  As he candidly states, "the 'range' agreed to by the

---

[1]  Because Judge Sotomayor's concurrence provided the narrowest grounds for allowing Rule 11(c)(1)(C) defendants § 3582(c)(2) relief, it controls.  Marks v. United States, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" (alteration in original) (citation omitted)).

parties was essentially made up." Mot. (Dkt. 207) at 3. It would be difficult to argue any different. The agreed range does not appear anywhere in the Guidelines. U.S.S.G. Sentencing Table. And this is not a case in which "the agreement itself made clear that the parties arrived at the [96 to 108 month] term of imprisonment by determining the sentencing range applicable to [Defendant's] offenses and then" adjusting downward by some identifiable measure. Cf. Freeman, 131 S. Ct. at 2700 n.9 (Sotomayor, J., concurring) ("If the agreement itself made clear that the parties arrived at the 53–month term of imprisonment by determining the sentencing range applicable to Freeman's offenses and then halving the 106–month figure at its low end, he would have been eligible under § 3582(c)(2).").

Instead, Defendant relies on the fact that, as required by U.S.S.G. § 6B1.2(c), the Court independently calculated the Guidelines range that would have applied absent the Rule 11(c)(1)(C) in order to determine whether to accept the parties' agreement. See Mot. (Dkt. # 207) at 4–5. He contends that these calculations require a finding that his ultimate sentence was thus "based on" the Guidelines. Id. The Court cannot agree. Justice Sotomayor cited her disagreement with this very argument as the basis for her split from the Kennedy plurality:

> Contrary to the plurality's view, the fact that U.S.S.G. § 6B1.2(c) (Nov. 2010) instructs a district court to use the Guidelines as a yardstick in deciding whether to accept a (C) agreement does not mean that the term of imprisonment imposed by the court is 'based on' a particular Guidelines sentencing range. The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation.
>
> * * *
>
> I therefore cannot agree with Freeman that § 3582(c)(2) calls upon district courts to engage in a free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it. Nor can I agree with the plurality that the district judge's calculation of the Guidelines provides the basis for the term of imprisonment imposed pursuant to a (C) agreement.

131 S. Ct. at 2696 (Sotomayor, J., concurring) (internal citation omitted) (emphasis added); id. ("Allowing district courts later to reduce a term of imprisonment simply because the court itself considered the Guidelines in deciding whether to accept the agreement would transform § 3582(c)(2) into a mechanism by which courts could rewrite the terms of (C) agreements in ways not contemplated by the parties.").

Moreover, to the extent Defendant relies on the Court's discussion of Guidelines factors to decide upon a specific sentence with the agreed-upon range to argue eligibility for relief, the Court also disagrees. As explained by Justice Sotomayor, in the context of a Rule (c)(1)(C) plea, the focus is on the actions and intent of the parties as evidenced in the agreement itself, not the actions of the judge. Id. at 2696, 2698 n.5. Having accepted the parties' agreement, the Court's subsequent reference to general Guidelines considerations does not change the fact that "it is the binding plea agreement that is the foundation for the term of imprisonment to which the defendant is sentenced." Id. at 2696. "At the moment of sentencing, the court simply implements the terms of the agreement it has already accepted." Id. at 2696. Thus, because the plea agreement at issue in this case, Dkt. # 106, does not rely on the Guidelines, there is no basis for according Defendant the relief he seeks.

In sum, the Court did not sentence Defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Defendant cannot show that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," e.g., U.S.S.G. § 1B1.10(a)(1) (stating that an individual is only eligible for a sentence reduction if he or she "is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual"). See Wesson, 583 F.3d at 730. Accordingly, "§ 3582(c)(2) simply does not apply." Freeman, 131 S. Ct. at 2698 n.5 (Sotomayor, J., concurring).

1

## III. CONCLUSION

2      For all of the foregoing reasons, Defendant's motion is DENIED.

3

4      DATED this 1st day of March, 2012.

5

6                                    _MWS Lasnik_
                                     Robert S. Lasnik
7                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26